**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAN GRODECKI**, on behalf of himself and all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |
| **WORKMAN INDUSTRIAL SERVICES, INC.,** | ) ) ) | **JURY DEMAND ENDORSED HEREON** |
| and | ) ) | |
| **JAMES T. WORKMAN, III,** | ) ) | |
| Defendants. | ) ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Jan Grodecki ("Plaintiff"), brings this action against Defendants Workman Industrial Services, Inc. ("Defendant WIS") and James T. Workman, III ("Defendant Workman") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff further brings an individual claim for violation of Ohio Revised Code § 4111.14(G) and the Ohio Constitution, Oh. Const. Art. II, § 34a. The following allegations are based on personal knowledge of Plaintiff's own conduct and upon information and belief as to the conduct and acts of others, states and alleges as follows:

**INTRODUCTION**

1) This case challenges policies and practices of Defendants that violate the FLSA, and concerns the underpayment of overtime wages to non-exempt employees.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

1

be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

## JURISDICTION AND VENUE

3)    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4)    Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

5)    The Court has supplemental jurisdiction over the asserted Ohio claim pursuant to 28 U.S.C. § 1367.

## PARTIES

6)    Plaintiff is an adult individual, residing in Summit County, Ohio who was jointly employed as a laborer by Defendants from approximately October 1998 to approximately January 23, 2018.

7)    Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b), and is attached as **Exhibit A**.

8)    Defendant WIS is a for-profit Ohio corporation, located in Kent, Ohio. Defendant WIS can be served through its registered agent, James T. Workman, at 5200 Hayes, Ravenna, OH 44266.

9)    Defendant Workman is an individual residing at 5200 Hayes, Ravenna, OH 44266, where he can be served. Defendant Workman is the current owner and president of Defendant WIS.

10)    According to their website, "Workman Industrial Services is a construction-industry specialist entering its fifth decade of service to private, commercial, and municipal

organizations. A long-standing heavy construction specialist, it focuses on highly engineered projects like water and waste treatment facilities, water towers, and special-purpose concrete structures."[1]

## FACTUAL ALLEGATIONS

### Unpaid Compensable Time: Required meeting; Truck loading; Waiting; and Travel

11)    Defendants jointly employed Plaintiff and others similarly situated as hourly, non-exempt, laborers.

12)    Defendants regularly required Plaintiff and others similarly situated to meet at Defendants' business location to load up their work truck or trucks, and/or to wait on other crew members, before departing to the respective worksite.

13)    Defendants would not record hours as worked by Plaintiff and others similarly situated until they arrived at the worksite.

14)    Though the typical shift of Plaintiff and others similarly situated usually started at approximately 7:00 AM, these pre-shift meetings and loading work times usually started around 6:00 AM. This time was unpaid.

15)    Defendants stopped counting hours worked by Plaintiff and others similarly situated when they left the jobsite, and did not count as hours worked the return trip to Defendants' original required meeting location. This time was also unpaid.

16)    Plaintiff and others similarly situated regularly worked more than 40 hours a workweek.

17)    Because these meetings were required by Defendants and were necessary and intrinsic to the performance of the work that Plaintiff and others similarly situated performed for

---

[1] http://workmanindustrial.com/ (last viewed 6/10/19).

Defendants, the time spent loading trucks, meeting crew members, and the travel from the meeting place to jobsites and the return travel from the jobsites back to the meeting place is compensable work time.

18)     Defendants failure to count as hours worked the time spent meeting at Defendants' location to load trucks and/or wait on other crew members, failure to count as hours worked the time spent travelling to the jobsite, and the time spent returning to the original required meeting location resulted in the underpayment of overtime compensation.

### Defendants Are Joint Employers

19)     At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA.

20)     At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA.

21)     At all relevant times, Defendants, individually and collectively, comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22)     At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

23)     At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA.

24)     At all relevant times, Defendants shared the services of Plaintiff and those similarly situated.

25)     At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

26) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

27) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

28) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

29) At all relevant times, Defendants shared ultimate authority and control of employment records.

30) At all relevant times, Defendants mutually benefitted from the work performed by Plaintiff and others similarly situated.

31) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

32) At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

33) Defendants failed to keep accurate records of all hours worked by Plaintiff and those similarly situated.

34) The exact amount of unpaid wages, including overtime compensation that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

35) The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Defendants

failed to make, keep, and preserve records of all required, but unpaid, work performed by Plaintiff and other similarly situated employees. Therefore, Plaintiff and other similarly situated employees are entitled to a reasonable estimate of such time.

36)     Defendants knowingly and willfully engaged in the foregoing violations of the FLSA.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

37)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38)     Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

39)     The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follow:

> **All former and current laborers, and related positions with different titles, employed by Defendants, who were required to meet at Defendants' business location before traveling to worksites, and who worked 40 or more hours in any workweek within three (3) years preceding the date of filing of this Complaint through the final disposition of this matter (the "FLSA Collective").**

40)     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

41)     The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

### Defendants' Failure to Produce Documents in Accordance With O.R.C. § 4111.14(G) and the Oh. Const. Art. II, § 34a

42)     Pursuant to O.R.C. § 4111.14(G) and the Ohio Constitution, Oh. Const. Art. II, §34a, on or about April 11, 2019, Plaintiff mailed to Defendants a request for documents relating to Plaintiff's employment, including but not limited to Plaintiff's pay rate, hours worked and amounts paid to Plaintiff.

43)     By correspondence dated April 16, 2019, counsel for Defendants acknowledged the records request.

44)     As of this filing, no production has been forthcoming.

45)     Whether counted by April 11th or April 16th, more than thirty (30) business days have passed, and Defendants are in violation of O.R.C. § 4111.14(G) and Oh. Const. Art. II, § 34a.

46)     Plaintiff thereby files this Complaint in order to obtain records not produced, and is therefore entitled to attorneys' fees and costs.

### COUNT ONE
**(Overtime Violations – FLSA Collective)**

47)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48)     Defendants are individual and joint "employers" covered by the overtime requirements of the FLSA.

7

49)     The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

50)     As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, but were not paid all overtime compensation earned for those hours.

51)     Defendants violated the FLSA by having a company-wide policy of not paying Plaintiff and others similarly situated for compensable time spent meeting a Defendants' business location, loading trucks, meeting other crew members, travelling to jobsites and returning to the required meeting location from the jobsite at the end of the shift; and for not counting this compensable time as hours worked in a workweek for the purposes of calculating overtime.

52)     Plaintiff and others similarly situated were not exempt under the FLSA.

53)     Defendants' practices and policies described herein violated the FLSA.

54)     Defendants' failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

55)     By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

56)     As a result of Defendants' practices and policies, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

57)     Pursuant to the FLSA, Plaintiff is entitled to attorneys' fees and costs incurred.

## COUNT TWO
### (Individual Claim - Violation of O.R.C. § 4111.14(G) and Oh. Const. Art. II, § 34a)

58)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59)     On or about April 11, 2019, Plaintiff made a request for documents pursuant to O.R.C. § 4111.14 and Oh. Const. Art. II, § 34a.

60)     At all times relevant to this Complaint, Defendants were "employers" as defined in O.R.C. § 4111.14 and Oh. Const. Art. II, § 34a.

61)     As Plaintiff's employers, Defendants were required to maintain records relating to Plaintiff's employment in accordance with Ohio law.

62)     Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendants were required to "provide such information without charge to an employee or person acting on behalf of an employee upon request . . . within thirty [30] business days."

63)     Because no records were produced, and 30 business days have passed since the request, Defendants have violated O.R.C. § 4111.14 and Ohio Const. art. II, § 34a.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A.     Conditionally certifies this case as a "collective action" pursuant to 29 U.S.C. §216(b); and directs that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B.     Enters judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.     Awards Plaintiff and the collective he seeks to represent actual damages for unpaid wages;

D.  Awards Plaintiff and the collective he seeks to represent liquidated damages equal in amount to the unpaid wages found due to Plaintiff and those similarly situated;

E.  Awards Plaintiff and the collective he seeks to represent pre-judgment and/or post-judgment interest at the statutory rate;

F.  Awards Plaintiff and the collective he seeks to represent attorneys' fees, costs, and disbursements;

G.  Awards Plaintiff a reasonable service award; and

H.  Awards Plaintiff and the collective he seeks to represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)