IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAN GRODECKI, | ) CASE NO. 5:19-cv-01374 |
| Plaintiff, | ) |
| v. | ) JUDGE SARA LIOI |
| WORKMAN INDUSTRIAL SERVICES, INC., *et al.*, | ) **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND RELEASE** |
| Defendants. | ) |

Plaintiff Jan Grodecki ("Plaintiff") and Defendants Workman Industrial Services, Inc., and James T Workman, III ("Defendants") respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement Agreement and Release of Claims ("Settlement"), attached as **Exhibit A**. The Settlement seeks to resolve all claims Plaintiff has or could have asserted against Defendants, including any claims under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under Section 16 of the FLSA, 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the parties' counsel. If approved by the Court, the Settlement will result in a fair and reasonable settlement payment to Plaintiff.

The settlement documents submitted for approval by the Court consist of the following:

    **Exhibit A:**    Settlement Agreement and Release of Claims

    **Exhibit B:**    Stipulated Order and Final Judgment

    **Exhibit C**    Declaration of Robi J. Baishnab

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

I.      THE ACTION

On June 12, 2019, Plaintiff filed a Collective Action Complaint against Defendants asserting violations of the FLSA, and individual claims pursuant to O.R.C. § 4111.14 and Oh. Const. Art. II, § 34a (the "Action").[1] Plaintiff alleged the Defendants failed to pay him and others similarly situated for all compensable worktime. Specifically, Plaintiff alleged that Defendants failed to pay him for compensable work time spent meeting at Defendants' business location to load up work trucks and/or to wait on other crew members before departing to the respective worksite, and that Defendants would not record hours worked until they arrived at the worksite and stopped counting hours worked when they left the job site.[2] Plaintiffs alleged that this resulted in the underpayment of overtime compensation.

On July 8, 2019, Defendants filed an Answer.  Defendants deny that all time was not properly recorded and that Plaintiff was not paid for all time spent working.  Further, Defendants continue to deny Plaintiff's claims and assert that they properly compensated their employees, including Plaintiff. In September 2019, the matter was referred to Magistrate Judge Kathleen B. Burke for potential mediation.[3] On November 15, 2019, the Parties filed their Joint Notice of Settlement.[4]

II.     THE NEGOTIATIONS

Plaintiff's counsel conducted a thorough investigation into the facts of this Action and the preparation of Plaintiff's claims against Defendants, including reviewing relevant documents and researching the applicable law, the potential joint employers, and the potential defenses. The parties exchanged substantial informal discovery during the early stages of litigation, including

---

[1] Doc. No. 1.
[2] *Id*. at ¶¶12-18.
[3] Doc. Nos. 11-13.
[4] Doc. No. 14.

payroll documents relevant to the Action. For example, Defendants produced wage and hour documents for Plaintiff spanning 2016 through 2018, including paystubs, handwritten timecards, and mileage records. Upon counsel having the opportunity to review and analyze the relevant documents, settlement negotiations commenced. While Plaintiff propounded documents requests on Defendant, responses were not necessary as the Parties reached a settlement for Plaintiff individually. No Plaintiffs opted into this case.[5]

Using the records produced, Plaintiff's counsel calculated alleged damages by using Plaintiff's good-faith estimates of pre-shift work, considering Defendants counter-arguments and facts. For alleged unpaid travel, Plaintiff's counsel used the mileage records to estimate approximate travel time. Settlement results in payment to Plaintiff of $9,081.90, which reflects approximately 106.60 hours of alleged unpaid overtime across approximately 72 workweeks.[6]

Although Defendants continue to deny any wrongdoing, the parties negotiated in good faith and reached a resolution that reflects a compromise which fully considers the respective claims and defenses.

### III. THE SETTLEMENT TERMS

The Total Settlement Payment of $19,500.00 shall be made as outlined in the Settlement Agreement. If approved by the Court, the Settlement will resolve all issues between Plaintiff and Defendants. If approved, the parties have agreed that the Action will be dismissed with prejudice, and Plaintiff will execute a Settlement and Release Agreement that will release Defendants from any and all claims as provided in the Agreement.

---

[5] *See* Declaration of Robi J. Baishnab.
[6] *Id*.

IV.     **THE PROPRIETY OF APPROVAL**

The Settlement is subject to approval by the Court pursuant to §216 of the FLSA. As explained below, Court approval is warranted.

   A.     **The Settlement is a fair resolution of a bona fide dispute.**

The court presiding over an FLSA action may approve a proposed settlement of the action under §216(b) "after scrutinizing the settlement of fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute," citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

The payment to Plaintiff is fair, reasonable, and adequate given that bona fide disputes exist between the parties, including whether Plaintiff is entitled to any payment for unpaid wages. As mentioned above, Settlement results in payment to Plaintiff of $9,081.90, which reflects approximately 106.60 hours of alleged unpaid overtime across approximately 72 workweeks.[7] Though heavily disputed, the portion of the settlement allocated to Plaintiff's claims represents a substantial portion of what Plaintiff could have recovered in the event he prevailed in the Action.

Additionally, Courts also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Cashiola v. Risha*, No. 5:19-cv-922, 2019 U.S. Dist. LEXIS 209976, at *3-4 (N.D. Ohio Dec. 5, 2019) (further citation omitted). Here, while the Parties had an early objective of resolution, there agreement largely stopped there, with considerable dispute concerning not only whether the unpaid time was

---

[7] *Id*.

compensable, but also the amount of unpaid time alleged.[8] There was no guarantee that either party would prevail, nor that Plaintiff would be able to prove his estimated unpaid worktime. Accordingly, settlement was the result of arms-length negotiations between parties that were represented by able counsel; and there was no risk of fraud or collusion.[9]

Finally, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Cashiola*, 2019 U.S. Dist. LEXIS 209976, at *4 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Here, Plaintiff's attorney's fees have also been considered in the settlement, as a portion of the settlement has been allocated for same. As outlined in the Declaration of Mr. Baishnab, the request for fees is reasonable. Given these considerations, the settlement proceeds are fair, reasonable and adequate.

V. **CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as **Exhibit B**.

---

[8] *See* Baishnab Declaration.
[9] *Id*.

Respectfully submitted,

| **NILGES DRAHER LLC** | **REMINGER CO., L.P.A.** |
|---|---|
| /s/ *Robi J. Baishnab* | /s/ *James O'Connor* |
| Robi J. Baishnab (0086195) | James O'Connor (0063428) |
| 34 N. High St., Ste. 502 | Jonathan H. Krol (0088102) |
| Columbus, OH 43215 | Katie Lynn Zorc (0092714) |
| Telephone: (614) 824-5770 | 101 West Prospect Avenue, Suite 1400 |
| Facsimile: (330) 754-1430 | Cleveland, Ohio 44115 |
| Email: rbaishnab@ohlaborlaw.com | Phone: (216) 687-1300 |
| | Emails joconnor@reminger.com |
| Shannon M. Draher (0074304) | jkrol@reminger.com |
| Hans A. Nilges (0076017) | kzorc@reminger.com |
| 7266 Portage Street N.W. | |
| Suite D | *Attorneys for Defendant Workmen* |
| Massillon, OH 44646 | *Industrial Services, Inc. and James T.* |
| Telephone: (330) 470-4428 | *Workmen, III* |
| Fax: (330) 754-1430 | |
| Email: sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, I electronically filed a copy of the foregoing. The Court's electronic filing system will send notice of this filing to all parties, who may access this filing through the Court's system.

/s/ *Robi J. Baishnab*
Robi J. Baishnab

*Attorney for Plaintiff*