UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAN GRODECKI, | ) | CASE NO. 19-cv-1374 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WORKMAN INDUSTRIAL SERVICES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Now before the Court is the parties' joint motion for approval of settlement and release (Doc. No. 17 ["Mot."]), supported by the Declaration of Robi J. Baishnab (Doc. No. 17-3 ["Baishnab Decl."]), the Supplemental Declaration of Robi J. Baishnab (Doc. No. 18-1 ["Baishnab Supp."]), and the Declaration of Anthony J. Lazzaro (Doc. No. 18-2 ["Lazzaro Decl."]). Because the Court finds that the settlement represents a fair resolution of plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted and the settlement is approved.

**I. BACKGROUND**

Plaintiff, Jan Grodecki ("Grodecki"), filed a collective action complaint [1] against defendants, Workman Industrial Services, Inc. and James T. Workman, III (collectively "defendants"), alleging that defendants violated the FLSA and Ohio law by failing to pay overtime to him and others similarly situated. (Doc. No. 1.) On July 8, 2019 defendants filed an answer denying that plaintiff was entitled to any additional wages or that they violated the FLSA. (Doc.

---

[1] While Grodecki filed a collective action complaint, no plaintiffs opted into this case. (*See* Baishnab Decl. ¶ 13.)

No. 6.)

On September 25, 2019 the matter was referred to Magistrate Judge Kathleen B. Burke for potential mediation to take place on November 12, 2019. (*See* Doc. Nos. 11, 13.) Prior to mediation, the parties settled this action and filed their joint notice of settlement on November 15, 2019. (*See* Doc. No. 14.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and

overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms this. (*See* Mot. at 89–90.) Specifically, the parties disagreed about the amount of unpaid time and whether that unpaid time was compensable. (*Id.*)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel.

3

(*See* Mot. at 90; Baishnab Decl. ¶ 16.) As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel, which is supported by a declaration filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to Grodecki. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants the parties' joint motion (Doc. No. 17) and approves the settlement. (Doc. No. 17-1.) The claims in plaintiff's complaint are dismissed with prejudice and this case is closed.

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**